UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONETTA SINGLETON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO. C20-5688 BHS<br><br>ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS |

This matter comes before the Court on Defendant Nationwide Insurance Company of America's ("Nationwide") motion to dismiss Counts 8 and 9 of the Amended Complaint. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Donnetta and Cyrus Singleton ("Plaintiffs") bring various claims against Nationwide arising out of Nationwide's alleged deprivation of alternative living expense ("ALE") benefits to which they were entitled. Dkt. 7 ¶ 6. Nationwide issued an insurance policy ("the Policy") to Plaintiffs to insure their home located at 5701 East Swan Creek

Drive, Tacoma, Washington 98404. *Id.* ¶ 20. On or about October 26, 2019, Plaintiffs experienced a loss on their home due to a major water backup and timely notified Nationwide. *Id.* ¶¶ 22–24.

Plaintiffs allege that Nationwide failed to accurately explain Plaintiffs' rights and benefits under the Policy and that Nationwide, through employee adjuster Annette Middlesworth, misrepresented to Plaintiffs that ALE reduced the amount available for repairs under the Policy. *Id.* ¶¶ 26, 27. Plaintiffs further allege that Nationwide "cut off" their ALE benefits without reasonable justification. *Id.* ¶ 30. As a result of Nationwide's conduct, Plaintiffs allege that they were prevented from being able to access government-provided financing to complete repairs on their home, that they have had to use funds for alternative living arrangements that could have been used on repairs, and that they have been forced to rent a less expensive residence that is not comparable to their own home. *Id.* ¶¶ 29, 32, 33.

On June 11, 2020, Plaintiffs filed suit in Pierce County Superior Court against Nationwide for Nationwide's alleged misrepresentations, including claims of Constructive Fraud (Count 8) and Unauthorized Practice of Law (Count 9). Dkt. 1-3. On July 16, 2020, Nationwide removed the case to this Court. Dkt. 1. On July 17, 2020, Plaintiffs filed an amended complaint. Dkt. 7.

On August 14, 2020, Nationwide moved to dismiss Count 8 and 9 of Plaintiffs' complaint and requested fees and costs for having to bring the motion. Dkt. 11. On September 8, 2020, Plaintiffs responded. Dkt. 13. On September 11, 2020, Nationwide replied. Dkt. 14.

## II.  DISCUSSION

### A.    Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B.    Constructive Fraud (Count 8)

Nationwide moves to dismiss Plaintiffs' constructive fraud claim, arguing that Plaintiffs have not alleged the required sinister or interested motive to support their claim. Dkt. 11 at 3. "Conduct that is not actually fraudulent but has all the actual consequences and legal effects of actual fraud is constructive fraud." *Green v. McAllister*, 103 Wn. App. 452, 467 (2000), *superseded by statute on other grounds as recognized in McLelland v. Paxton*, 11 Wn. App. 2d 181, 221–22 (2019). The court in *Green* defined

ORDER - 3

constructive fraud "as failure to perform an obligation, not by an honest mistake, but by some 'interested or sinister motive.'" *Id.* at 468 (quoting *In re Estate of Marks*, 91 Wn. App. 325, 336 (1998)). Washington law is not well developed as to the claim of constructive fraud, but courts appear to agree that a plaintiff must allege (1) an interested or sinister motive and (2) a fiduciary or quasi-fiduciary relationship between the parties. *See Lane v. Micro-Focus (US), Inc.*, No. C09–1363 MJP, 2010 WL 5136114, at *4 (W.D. Wash. Dec. 3, 2010) (finding that the court will consider the nine elements of fraud as guidelines but applying the interested or sinister motive standard set out in *Green*); *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. C10-1650Z, 2011 WL 13228466, at *1 (W.D. Wash. Jan. 20, 2011) (requiring plaintiff to plead sufficient facts to show an interested or sinister motive and a fiduciary or quasi-fiduciary duty to the plaintiff); *Search v. Bank of Am., N.A.*, No. C12–52 TSZ, 2012 WL 4514285, at *5 (W.D. Wash. Oct. 2, 2012) (defining constructive fraud as a failure to perform an obligation, which is either a legal or equitable duty, by some interested or sinister motive); *Grant v. Unigard Indem. Co.*, No. CV14-00198 BJR, 2014 WL 12028484, at *4 (W.D. Wash. July 29, 2014) (same).

In reviewing Plaintiffs' allegations for their constructive fraud claim, the Court agrees with Nationwide that they have not adequately alleged an interested or sinister motive. Rather, Plaintiffs simply allege that Nationwide owed them a quasi-fiduciary duty and that Nationwide breached that duty. *See* Dkt. 7 ¶¶ 98–102. Even when reading Plaintiffs' complaint with the required liberality, Plaintiffs do not allege facts to support a plausible theory that Nationwide had a sinister or interested motive. Plaintiffs argue that


it is plausible to infer any number of motives from Nationwide's actions, but Plaintiffs' complaint fails to provide specific facts about this specific theory. The Court therefore grants Nationwide's motion to dismiss as to Count 8.

**C.     Unauthorized Practice of Law (Count 9)**

Nationwide additionally moves to dismiss Plaintiffs' unauthorized practice of law claim, arguing that Nationwide did not engage in the practice of law as alleged. Dkt. 11 at 5. Washington law criminally prohibits the unauthorized practice of law, RCW 2.48.180, and Washington recognizes "that a layman who attempts to practice law is liable for negligence," *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 586–87 (1983) (citing *Mattieligh v. Poe*, 57 Wn.2d 203, 204 (1960). The Court therefore construes Plaintiffs' unauthorized practice of law claim to mean negligent practice of law, consistent with the term of art found in Washington case law. *See Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 301 (2002).

To determine whether an activity constitutes the practice of law, a court must determine whether the activity is the practice of law and, if so, whether the practice is unauthorized. *Id.* In Washington, the practice of law includes three categories:

> It is now a generally acknowledged concept that the term "practice of law" includes not only the doing or performing of services in a court of justice, in any matter depending therein, throughout its various stages, and in conformity with the adopted rules of procedure, but in a larger sense includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured.

*In re Disciplinary Proceedings Against Droker & Mulholland*, 59 Wn.2d 707, 719 (1962). Here, Plaintiffs rely on *Jones v. Allstate Ins. Co.*, 146 Wn.2d at 291, to support

their argument that Nationwide's adjuster engaged in the unauthorized practice of law by advising Plaintiffs, who were unrepresented at the time, of their legal rights under their homeowner's policy. Dkt. 13 at 8. They allege that Nationwide's adjuster informed them that the ALE benefits would be subtracted from applicable sublimits and that this representation was a legal opinion. Dkt. 7 ¶¶ 104, 105.

However, *Jones* is distinguishable from the facts at hand. In *Jones*, the Washington Supreme Court held that "insurance claims adjusters, when preparing and completing documents which affect the legal rights of *third party claimants* and when advising third parties to sign such documents, must comply with the standard of care of a practicing attorney." 146 Wn.2d at 305 (emphasis added). Plaintiffs were not third-party claimants who were seeking advice from an insurance adjuster; rather, Nationwide's adjuster advised them of the coverage and limits available under its own policy, as it is required to do by law. *See* WAC 284-34-300 *et seq.* Moreover, the Washington Supreme Court has not extended *Jones* beyond when an insurance claim adjuster helps unrepresented third-party claimants.

Nationwide disputes that it has engaged in the unauthorized practice of law, arguing that, as a party to the insurance contract, it is within its rights to express to the other party to the contract its obligations to that party. Dkt. 11 at 7. The Court agrees with Nationwide. The Court thus grants Nationwide's motion to dismiss as to Count 9.

**D. Leave to Amend**

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v.*

*Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). As it is possible that Count 8 could be cured by amendment, the Court grants Plaintiffs leave to amend Count 8. However, because of the nature of the relationship between Plaintiffs and Nationwide, the Court finds that, under current Washington case law, Plaintiffs cannot maintain an unauthorized practice of law claim and thus dismisses Count 9 with prejudice.

**E.     Fees and Costs**

Finally, Nationwide requests fees and costs for having to bring the motion to dismiss for Plaintiffs' unauthorized practice of law claim, arguing that there is no basis in law, fact or a good faith argument for the extension of the existing law to bring the claim. While Plaintiffs cited no authority supporting the existence of a theory of liability for their unauthorized practice of law in Washington, the Court does not find that their attempt to extend the law in this area was frivolous or done in bad faith. The Court therefore denies Nationwide's request.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Nationwide's motion to dismiss Plaintiffs' Counts 8 and 9, Dkt. 11, is **GRANTED**.

Dated this 27th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge